UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

_____
:
NIKE USA, INC.,                        :
                                       :
        Plaintiff,                     :      Civ. No.
v.                                     :
                                       :
HARRY D. WILLIAMS, JR.                 :
ENTERPRISES, INC. and HARRY            :
D. WILLIAMS, JR.,                      :
                                       :
        Defendants.                    :
_____ :

## COMPLAINT OF NIKE USA, INC.

Plaintiff Nike USA, Inc. ("Nike") sues Harry D. Williams, Jr. Enterprises, Inc. and Harry D. Williams, Jr. (collectively, the "Defendants") for, as set forth below, account stated, breach of contract, breach of personal guaranty, and indemnification. In the alternative, Nike sues Harry D. Williams, Jr. Enterprises, Inc. for unjust enrichment. In support of this Complaint, Nike states as follows:

### I.     BACKGROUND FACTS

1.  Plaintiff Nike USA, Inc. is an Oregon corporation whose principal business activity is the design, development, and marketing and selling of athletic footwear, apparel, equipment, accessories, and services. Nike USA, Inc. is organized in, domiciled in, and a citizen of Beaverton, Oregon.

2.  Harry D. Williams, Jr. Enterprises, Inc. ("HDW") is a retailer of athletic footwear, apparel, and equipment.

3.  HDW is organized in, domiciled in, and a citizen of Florida.

4. HDW's current principal place of business is 5922 Normandy Blvd., Jacksonville, Florida 32205.

5. Harry D. Williams, Jr. is an individual domiciled in, a citizen of, and residing at 1026 Gallant Fox Cir. South, Jacksonville, Florida 32218.

6. Harry D. Williams, Jr. is the President of HDW.

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because Nike is a citizen of a different state than all of the Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

**A. The Account Agreements**

8. From 2003 through 2019, Nike sold sporting goods, shoes, and apparel to HDW.

9. Nike and HDW are parties to the Nike Account Application and Agreement dated March 25, 2003 (the "2003 Account Agreements"). A copy of the 2003 Account Agreements is attached hereto as **Exhibit 1** and is incorporated herein by reference.

10. Nike and HDW are parties to the Nike USA, Inc. Account Agreement dated January 25, 2017 (the "2017 Account Agreement," with the 2003 Account Agreement, the "Account Agreements"). A copy of the 2017 Account Agreement is attached hereto as **Exhibit 2** and is incorporated herein by reference.

11. In the intervening years between 2003 and 2019, Nike and HDW may have entered into additional account agreements with substantially similar terms.

12. The Account Agreements are supported by consideration. In exchange for the execution of the Account Agreements, *inter alia,* Nike agreed to permit HDW to sell products in authorized retail locations in accordance with the terms and conditions of the Account Agreements.

13. The Account Agreements require HDW to pay for all goods sold when due pursuant to invoice terms.

14. The Account Agreements require HDW to dispute an invoice within thirty days after the date the invoice is due. If HDW does not dispute invoices within thirty days after the date the invoice is due, then, pursuant to the Account Agreements, the invoice will be deemed accepted and conclusively binding upon HDW.

15. The Account Agreements state that if HDW opens or acquires additional retail locations other than the retail locations approved by the Account Agreements, HDW must submit to Nike a new account application for each additional location.

16. The Account Agreements provide that HDW will pay such costs, collection agency fees, expenses, reasonable attorney fees (whether incurred prior to, at trial, or on appeal) incurred by Nike in connection with the collection of any past due sums.

17. The Account Agreements are governed by Oregon law.

**B. The Personal Guaranty**

18. On January 28, 2003, Harry D. Williams, Jr. (the "Guarantor") provided Nike USA, Inc., its successors, and assigns with the Nike Personal Guaranty (the "Personal Guaranty"). A copy of the Personal Guaranty is attached hereto as **Exhibit 3** and is incorporated herein by reference.

19. In the Personal Guaranty, the Guarantor personally guaranteed the debts of the HDW to Nike.

20. The Personal Guaranty is absolute and unconditional.

21. Paragraph 1 of the Personal Guaranty provides, *inter alia,* that none of the following on one or any number of occasions, will affect Guarantor' liability: (a) any increase or decrease in the amount of credit extended to HDW, any extension of time for payment, any acceptance of

partial payments, or any other modification in the terms of the credit granted to or the relationship with HDW; (b) any change, amendment, or renegotiation of any term or condition of any agreement between HDW and Nike; . . . (d) any sale, transfer or other conveyance by HDW of its assets to any other entity; and (e) any other thing between Nike and HDW or between Nike and Guarantor, whether or not specified, which may be done or waived.

22. Paragraph 3 of the Personal Guaranty provides that Nike will not be obligated to proceed against HDW, any other guarantor, or against any collateral before proceeding against Guarantor.

23. In the Personal Guaranty, the Guarantor absolutely and unconditionally guaranteed payment to Nike of all indebtedness of HDW.

24. The Personal Guaranty allows Nike to recover, in addition to the sums owed by HDW, principal, interest, additional charges and expenses, and attorneys' fees from the Guarantor.

25. The Personal Guaranty is supported by consideration.

26. In exchange for the Guarantor' execution of the Personal Guaranty, *inter alia,* Nike agreed to do business or to continue to do business with HDW in accordance with the terms and conditions of the Account Agreements.

27. The Personal Guaranty remains in effect until the Guarantor provides written notice by certified mail of the termination of the Personal Guaranty.

28. Termination of the Personal Guaranty does not affect the liability of the Guarantor for any obligations then due or which thereafter become due and payable for merchandise shipped by Nike to the entity in the Personal Guaranty at the time of the termination of the Personal Guaranty.

29. Paragraph 5 of the Personal Guaranty provides that "Guarantor agrees to indemnify NIKE and hold NIKE harmless from all obligations, demands, claims, and liabilities asserted by any other party, and against all losses incurred or paid by NIKE in any way arising out of or in connection with NIKE's transactions with Buyer."  Buyer refers to HDW.

30. Harry D. Williams, Jr. personally guaranteed payment to Nike of the debts of HDW.

31. In the Personal Guaranty, the Guarantor acknowledges that Nike will rely on the Personal Guaranty in doing business with and extending credit to HDW.

32. Nike relied on, *inter alia*, the Personal Guaranty during the course of nearly 16 years in making decisions to extend credit and actually extending credit to HDW.

33. The Guarantor has not terminated the Personal Guaranty.

## II. COUNT I – ACCOUNT STATED

Nike v. Harry D. Williams, Jr. Enterprises, Inc.

34. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

35. Nike issued invoices to HDW for goods and services Nike provided to HDW, and such invoices were due and payable to Nike more than thirty days prior to the filing of this Complaint.

36. Nike and HDW have worked to resolve invoice discrepancies, including, but not limited to, chargebacks, freight, and quantity issues.  After resolving such issues, the amounts set forth in this Complaint remain due and payable to Nike by HDW.

37. As of the date of the filing of this Complaint, HDW is indebted to Nike in an amount no less than $249,858.99, exclusive of interest, fees, and costs.  A copy of the Account Statement showing the amount HDW owes to Nike is attached hereto as **Exhibit 4.**

38. The foregoing amount has not been paid to Nike as of the filing of this Complaint, and HDW has not requested approval to return any product to Nike.

WHEREFORE, Nike requests that judgment be entered in favor of Nike and against HDW in an amount no less than $249,858.99, plus interest and all of Nike's costs, collection agency fees, expenses, and reasonable attorney fees (whether incurred prior to, at trial, or on appeal) incurred by Nike in connection with Nike's collection efforts.

### III.   COUNT II – BREACH OF CONTRACT

Nike v. Harry D. Williams, Jr. Enterprises, Inc.

39. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

40. HDW and Nike are parties to the Account Agreements, which require HDW to pay Nike for goods and services provided to HDW.

41. Nike provided goods and services to HDW, which was Nike's substantial performance pursuant to the Account Agreements.

42. Nike has invoiced HDW for the amounts set forth in Count I of this Complaint.

43. Nike has resolved all discrepancies and issues raised by HDW with respect to each invoice issued to HDW by Nike.

44. Nonetheless, HDW has failed to pay Nike for the goods and services Nike has provided to HDW.

45. HDW's failure to pay Nike is a breach of the Account Agreements.

46. HDW's breach of the Account Agreements has caused Nike to suffer damages in an amount no less than $249,858.99 plus all of Nike's costs, collection agency fees, expenses, and reasonable attorney fees (whether incurred prior to, at trial, or on appeal).

WHEREFORE, Nike requests that judgment be entered in favor of Nike and against HDW in an amount no less than $249,858.99 plus interest, costs, collection agency fees, expenses, and reasonable attorney fees (whether incurred prior to, at trial, or on appeal) incurred by Nike in connection with Nike's collection efforts.

### IV.     COUNT III – BREACH OF PERSONAL GUARANTY

Nike v. Harry D. Williams, Jr.

47. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

48. The Guarantor personally guaranteed payment of the debts of HDW to Nike in exchange for HDW's continued ability to conduct business with Nike and Nike's extension of credit to HDW.

49. Nike provided goods and services to HDW and extended credit to HDW, which was Nike's substantial performance pursuant to the Personal Guaranty signed by the Guarantor.

50. The Guarantor failed pay Nike for the goods and services Nike provided contrary to the Personal Guaranty signed by Guarantor, causing Nike to suffer damages.

51. Because of the Personal Guaranty signed by the Guarantor, the Guarantor is personally obligated to Nike in an amount not less than $249,858.99 plus interest, costs, collection agency fees, expenses, attorney fees and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

WHEREFORE, Nike requests that judgment be entered against the Guarantor in an amount no less than $249,858.99 plus interest and all of Nike's costs, collection agency fees, expenses, attorney fees, and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

## V.     COUNT IV – INDEMNIFICATION

Nike v. Harry D. Williams, Jr.

52.     Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

53.     The Personal Guaranty requires the Guarantor to indemnify and hold Nike harmless from all obligations, demands, claims, and liabilities asserted against Nike and against all losses incurred or paid by Nike in any way arising out of or in connection with Nike's transactions with HDW.

54.     The Guarantor is required to indemnify Nike for all obligations, demands, claims, and liabilities asserted against Nike and against all losses incurred or paid by Nike in connection with the Complaint and with Nike's transactions with HDW.

55.     The Guarantor has not indemnified Nike for all obligations, demands, claims, and liabilities asserted against Nike and against all losses incurred or paid by Nike in connection with the Complaint and with Nike's transactions with HDW.

56.     Nike has suffered damages not less than $249,858.99 for Guarantor's failure to indemnify Nike.

WHEREFORE, Nike requests that judgment be entered against the Guarantor in an amount no less than $249,858.99, in addition to all losses incurred or paid by Nike in connection with the Complaint, interest, and all of Nike's costs, collection agency fees, expenses, attorney fees, and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

## IN THE ALTERNATIVE

### VI.   COUNT V - UNJUST ENRICHMENT

Nike v. Harry D. Williams, Jr. Enterprises, Inc.

57.   Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

58.   At the request of HDW, Nike conferred a benefit upon HDW by providing the goods and services described herein and in the exhibits attached hereto.

59.   HDW received and accepted the benefit of said goods and services provided by Nike.

60.   At all times material hereto, HDW was aware that Nike was providing the aforesaid goods and services to HDW and that Nike expected to be paid for such.

61.   At all times material hereto, HDW, with the aforesaid knowledge, permitted Nike to provide said goods and services and to incur damages.

62.   At all times material hereto, HDW was unjustly enriched by retaining the benefit of receiving said goods and services without paying Nike fair and reasonable compensation.

63.   Allowing HDW to retain the benefit of said goods and services without paying fair compensation would be unjust.

64.   By reason of the aforesaid unjust enrichment of HDW at Nike's expense, an implied contract exists between Nike and HDW, and HDW is obligated to pay Nike the *quantum meruit* value of the goods and services described herein and in the exhibits attached hereto.

WHEREFORE, Nike requests that judgment be entered against HDW in an amount no less than $249,858.99, in addition to all losses incurred or paid by Nike in connection with the Complaint, interest, and all of Nike's costs, collection agency fees, expenses, attorney fees, and fees

of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

Dated: December 4, 2020

        **BETH A. HENDLER, P.A.**
        500 East Broward Blvd., Suite 1710
        Fort Lauderdale, FL 33394
        Telephone: (954) 848-2918/Fax: (954) 848-2907

BY: /s/   Beth A. Hendler
       Beth A. Hendler, Esq.
       Florida Bar No. 0089650
       beth@bahpa.com


-and-

A.M. SACCULLO LEGAL, LLC
Anthony M. Saccullo
Mary E. Augustine
A.M. Saccullo Legal, LLC
27 Crimson King Drive
Bear, DE 19701
Phone: (302) 836-8877
Fax: (302) 836-8787
ams@saccullolegal.com
meg@saccullolegal.com

*Attorneys for Nike USA, Inc.*